**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

Bee Creek Photography, LLC                     §
                                               §
              Plaintiff,                        §
                                               §    Case No:
       v.                                       §
                                               §    JURY TRIAL DEMAND
Galbraith Group, LLC dba Republic of            §
Texas Land & Home,                              §
                                               §
              Defendant.                        §
                                               §

**COMPLAINT**

Plaintiff Bee Creek Photography, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Galbraith Group, LLC dba Republic of Texas Land & Home ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq.*

2.     Todd Grubbs ("Grubbs") created a panoramic photograph of stormy skies over bluebonnets next to a Texas farm house  (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.     Plaintiff is the owner of fine art prints and images including panoramas from all over Texas including Austin, Dallas, Fort Worth, Houston, San Antonio, the Central Texas coast and beaches of Port Aransas, Corpus Christi and Rockport, North Texas Coast Galveston and the beautiful Bluebonnets from all over Texas. Plaintiff also owns scenic landscape and skyline photos from outside of Texas including South Carolina, North Carolina Smokey Mountains and Blue Ridge Parkway, Georgia coast, Utah and Louisiana.

4.     Upon information and belief, Defendant is a real estate brokerage company providing real estate purchase and sale services as well as rental property management services.

1

5.    As part of and in furtherance of its business, Defendant owns and operates a website at www.republicoftexasland.com (the "*Website*").

6.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

### PARTIES

7.    Plaintiff Bee Creek Photography, LLC is a Texas limited liability company and maintains a principal place of business in Travis County, Texas.

8.    Upon information and belief, defendant Galbraith Group, LLC, is a Texas limited liability company with a principal place of business at 2523 County Road 218, Hico in Hamilton County, Texas.

### JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

11.    Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

### FACTS COMMON TO ALL CLAIMS

**A.    Plaintiff's Copyright Ownership**

12.    Plaintiff is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13.    Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others

are the subject of pending copyright applications.

15.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16.     The Photograph was first published on  March 26, 2017.  A copy of the Photograph is attached hereto as Exhibit 1.

17.     The Photograph by was published by offering it for licensing, for the purpose of display and/or public distribution.

18.     In creating the Photograph, Grubbs personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

19.     On September 18, 2017, the Photograph was registered by the USCO under Registration No. VA 2-068-741.

20.     Grubbs created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

21.     Plaintiff acquired the copyrights in and to the Photograph by way of written copyright assignment.

**B.     Defendant's Infringing Activity**

22.     Defendant is the registered owner of the Website.

23.     Defendant is the operator of the Website.

24.     Defendant is responsible for the content on the Website.

25.     The Website is a key component of Defendant's business.

26.     The Website is monetized in that it offers commercial real estate services to the public and, on information and belief, Defendant profits from these activities.

27.     Upon information and belief, Defendant is a sophisticated real estate business  and has advanced operational and strategic expertise in an industry where copyright is prevalent.

28.     Upon information and belief, Defendant's employees and/or agents have significant experience in copyright matters and are familiar with the need to ensure that images used on its

3

Website have been properly licensed.

29.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's level of sophistication.

30.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

31.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

32.    On or about, July 26, 2021, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph as a design element on the Website at URL https://www.republicoftexasland.com/about/. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

33.    The Infringement is an exact copy of the majority of Plaintiff's original image that was directly copied and displayed by Defendant.

34.    Plaintiff first observed the Infringement on April 20, 2023.

35.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

36.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

37.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

38.    Upon information and belief, the Photograph was willfully and volitionally posted

4

to the Website by Defendant.

39. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

42. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

43. Upon information and belief, Defendant monitors the content on its Website

44. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

45. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

46. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

47. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendant's use of the Photograph harmed the actual market for the Photograph.

49. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

50. On May 3, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected

work.

51. Thereafter, on October 7, 2025 and November 6, 2025 Plaintiff, via counsel, served follow up letters seeking to address said complaints directly with Defendant in attempt to avoid litigation.

52. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

53. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

54. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

55. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

56. The Photograph is properly registered with the USCO and Grubbs complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

57. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

58. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

59. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

60. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial

6

benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

61.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

62.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

63.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Vicarious Copyright Infringement)*

64.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

65.     Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

66.     As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant continued to infringe upon Plaintiff's Photograph, which in turn generated profits for Defendant directly from the use of the Infringement.

67.     Defendant enjoyed a direct financial benefit from the Infringement from *inter alia*, revenue from the increased traffic to its Website.

68.     Upon information and belief, Defendant enjoyed a direct financial benefit from

using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website thereby increasing its business revenue.

69.    Defendant is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

70.    Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

71.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

72.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

73.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

74.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b)

8

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: April 17, 2026

**SANDERS LAW GROUP**

By:   _/s/ Craig Sanders_
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127866

*Attorneys for Plaintiff*